FAEGRE DRINKER BIDDLE & REATH LLP
CHERYL D. ORR (SBN 143196)
cheryl.orr@faegredrinker.com
Four Embarcadero Center, 27th Floor
San Francisco, California 94111
Telephone: +1 415 591 7500
Facsimile: +1 415 591 7510

STEPHANIE ALBRECHT (SBN 281474)
stephanie.albrecht@faegredrinker.com
1800 Century Park East, Suite 1500
Los Angeles, California 90067
Telephone: +1 310 203 4000
Facsimile: +1 310 229 1285

Attorneys for Defendants
JUNIPER NETWORKS, INC. and
HEWLETT PACKARD ENTERPRISE
COMPANY

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| J SMITH CORPORATION a Wyoming Corporation; and JONATHAN KAVIAN, an individual, <br><br> Plaintiffs, <br><br> vs. <br><br> SAI BUSINESS SOLUTIONS, LLC, a Texas limited liability company doing business as SBS CORP; SAI BUSINESS SOLUTIONS, LLC, a California limited liability company also known as SBS CORP; JUNIPER NETWORKS, INC., a Delaware corporation; HEWLETT PACKARD ENTERPRISE COMPANY, a Delaware corporation; VENKAT KALYAN CHIVUKULA, an individual in his individual capacity and as an agent and CEO of SAI BUSINESS SOLUTIONS, LLC; ARUN SRIRAM, an individual in his individual capacity and as an agent of SAI BUSINESS SOLUTIONS, LLC; AKHIL KUMAR, an individual in his individual capacity and as an agent of SAI BUSINESS SOLUTIONS, LLC; BUCK BECKER, an individual in his | Case No. 2:26-cv-02101-AB-SSCx <br><br> **DEFENDANTS JUNIPER NETWORKS, INC. AND HEWLETT PACKARD ENTERPRISE COMPANY'S *EX PARTE* APPLICATION TO STAY DEADLINE TO RESPOND TO FIRST AMENDED COMPLAINT PENDING RESOLUTION OF MOTION FOR CHANGE OF VENUE** <br><br> FAC Served: February 3, 2026 <br> Removal Filed: February 26, 2026 <br> Current Response Date: April 3, 2026 <br><br> Judge: Hon. André Birotte Jr. <br> Courtroom: 7B |

*EX PARTE* APPLICATION TO STAY DEADLINE TO
RESPOND TO FIRST AMENDED COMPLAINT

CASE NO. 2:26-CV-02101-AB-SSCx

individual capacity and as an agent of JUNIPER NETWORKS, INC.; JIM SMITH, an individual in his individual capacity and as an agent of JUNIPER NETWORKS, INC.; PHUONG VO, an individual in her individual capacity and as an agent of JUNIPER NETWORKS, INC.; and DOES 1-100, inclusive,

Defendants.

FAEGRE DRINKER
BIDDLE & REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO
LOS ANGELES

*EX PARTE* APPLICATION TO STAY DEADLINE TO RESPOND TO FIRST AMENDED COMPLAINT

- 2 -

CASE NO. 2:26-CV-02101-AB-SSCx

# APPLICATION

## TO THE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:

**PLEASE TAKE NOTICE THAT**, pursuant to Local Rule 7-19 of the Local Rules of the United States District Court for the Central District of California and the Standing Order for Civil Cases Assigned to Judge Birotte, Defendants Juniper Networks, Inc. and Hewlett Packard Enterprise Company ("Defendants"), by and through their undersigned counsel, hereby apply *ex parte* for a stay of Defendants' deadline to respond to the First Amended Complaint ("FAC") until 14 days after the Court's decision on the Motion for Change of Venue filed by Defendant SAI Business Solutions, LLC, a Texas limited liability company's ("SAI Texas").

As set forth below, good cause exists for this request because SAI Texas's Motion for Change of Venue is currently set for hearing on April 3, 2026, which is also the date on which Defendants' response to the FAC is due. The Court's ruling on the Motion will significantly impact how Defendants respond to the FAC given the Texas choice-of-law provisions in the agreements that are the subject of the Motion for Change of Venue.

Defendants' request for *ex parte* relief is based on this Application, the accompanying Memorandum of Points and Authorities, the Declaration of Stephanie Albrecht, and all documents on file in this action.

Pursuant to Local Rule 7-19, Defendants have provided notice of this Application to Plaintiffs through written correspondence on March 6 and March 12, 2026. Plaintiffs' counsel indicated that Plaintiffs "take no position" on the relief sought in this Application. Defendants have also provided notice of this Application to counsel for SAI Texas, who stated that SAI Texas will not oppose

FAEGRE DRINKER
BIDDLE & REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO
LOS ANGELES

*EX PARTE* APPLICATION TO STAY DEADLINE TO RESPOND TO FIRST AMENDED COMPLAINT

- 3 -

CASE NO. 2:26-CV-02101-AB-SSCx

the Application.[1]  The contact information for Plaintiffs' counsel and SAI Texas's counsel is as follows:

Jonathan Kavian
1968 S. Coast Hwy #3123
Laguna Beach, CA 92651
Tel: (323) 761-9192
Email: jkavian@gmail.com
Attorney for Plaintiffs

Elizabeth A. Ernster
HACKLER FLYNN & ASSOCIATES, APC
388 Cordova St., Suite 100C
Pasadena, CA 91101
Telephone: 323.247.7030
Facsimile: 323.319.9242
Email: Liz@HacklerFlynnLaw.com
Attorneys for Defendant SAI BUSINESS SOLUTIONS, LLC a Texas LLC, dba SBS CORP

Dated:  March 13, 2026

FAEGRE DRINKER BIDDLE & REATH LLP

By: */s/ Stephanie Albrecht*
Cheryl D. Orr
Stephanie Albrecht

Attorneys for Defendants
JUNIPER NETWORKS, INC. and
HEWLETT PACKARD ENTERPRISE COMPANY

---

[1] To Defendants' knowledge, besides HPE, Juniper, and SAI Texas, no other defendants have been served to date.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.     BACKGROUND

On February 26, 2026, Defendants removed this matter to this Court from the California Superior Court for the County of Los Angeles.  Dkt. No. 1.  After Removal, Defendants' deadline to respond to the FAC was March 5, 2026, pursuant to Fed. R. Civ. P. 81(c)(2)(C).  On March 4, 2026, Defendants and Plaintiffs J Smith Corporation and Jonathan Kavian ("Plaintiffs") stipulated to extend Defendants' time to respond to the FAC by not more than 30 days, through and including April 3, 2026.  Dkt. No. 19.  The Court granted the Stipulation on March 9, 2026.  Dkt. No. 22.

On March 5, 2026, SAI Texas filed a Motion for Change of Venue, requesting to transfer this matter to the United States District Court for the Southern District of Texas ("Venue Motion").  Dkt. No. 21.  In the Venue Motion, SAI Texas argues, *inter alia*, that Plaintiffs' claims are subject to Texas choice-of-law and forum-selection clauses in contracts between Plaintiffs and SAI Texas.  Dkt. No. 21-1 at p. 6.  The Venue Motion is set for hearing on April 3, 2026, which is Defendants' current deadline to respond to the FAC.  Dkt Nos. 21 and 22.

On March 6, 2026, Defendants' counsel informed Plaintiffs' counsel of Defendants' intent to request a further extension of their deadline to respond to the FAC, until after a decision on the Venue Motion.  *See* Declaration of Stephanie Albrecht ("Albrecht Decl."), ¶ 4.  On March 10, 2026, Plaintiffs' counsel informed Defendants' counsel that Plaintiffs "take no position on" Defendants' proposed motion but that they were "satisfied" that Defendants had met their meet and confer obligations under the Local Rules with respect to bringing a motion.  *See id.*, ¶ 4.  Plaintiffs reiterated their non-position in response to Defendants' notice of the instant *Ex Parte* Application.

///

FAEGRE DRINKER
BIDDLE & REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO
LOS ANGELES

*EX PARTE* APPLICATION TO STAY DEADLINE TO RESPOND TO FIRST AMENDED COMPLAINT

- 5 -

CASE NO. 2:26-CV-02101-AB-SSCx

## II.     ARGUMENT

"A court's power to stay proceedings is incidental to the inherent power to control the disposition of its cases in the interests of efficiency and fairness to the court, counsel, and litigants." *Romoff v. Johnson & Johnson Consumer Inc.*, 2022 WL 1122850, at *1 (S.D. Cal. Apr. 14, 2022).  When determining if a stay is appropriate, "a court considers the (1) 'possibility damage may result from the granting of a stay,' (2) 'hardship or inequity which a party may suffer in being required to go forward,' and (3) 'orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.'" *Id.* (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)).  "A stay may be granted pending the outcome of other legal proceedings related to the case in the interests of judicial economy." *Romoff*, 2022 WL 1122850, at *1.  "Discretion to stay a case is appropriately exercised when the resolution of another matter will have a direct impact on the issues before the court, thereby substantially simplifying the issues presented." *Id.*

No party will be injured by a brief stay pending the Court's decision on the Venue Motion, and a stay will save the parties and the Court valuable time and resources.  The Venue Motion is set for hearing on April 3, 2026, which is the same day that Defendants' response to the FAC is currently due.  Defendants anticipate filing a partial motion to dismiss. *See* Albrecht Decl., ¶ 3.  The contracts under which SAI Texas brings the Venue Motion contain both Texas choice-of-law and forum-selection clauses. *See* Dkt. No. 21-1 at p. 6.  However, Plaintiffs bring nearly all their claims asserted in the FAC under California law. *See* Dkt. No. 1-2.  A judicial decision finding these contracts to be valid and enforceable—*i.e.*, that the Texas choice-of-law and forum-selection provisions apply in this case—would affect the analysis of Defendants' anticipated motion to dismiss.  Thus, if Defendants are not granted a stay pending a decision on the Venue Motion, the

FAEGRE DRINKER
BIDDLE & REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO
LOS ANGELES

*EX PARTE* APPLICATION TO STAY DEADLINE TO RESPOND TO FIRST AMENDED COMPLAINT

- 6 -

CASE NO. 2:26-CV-02101-AB-SSCx

parties and this Court will expend time and valuable resources analyzing and briefing substantive legal issues that may be decided by a different court and under different law.

These reasons, the benefits of a brief stay to the parties and the Court, and the absence of any injury to Plaintiffs, all weigh in favor of a stay. Indeed, when confronted with similar issues, other district courts have recently granted stays. *See, e.g.*, *City and Cty. of Butte-Silver Bow v. 3M Co.*, 2025 WL 1859237, at *1 (D. Mont. Jun. 27, 2025) (granting motion to stay deadline to respond to complaint pending resolution of forthcoming motion to transfer venue); *Romoff*, 2022 WL 1122850, at *1 (granting motion to stay until 14 days after entry of order on pending motion to transfer).

## III.   CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court enter an order staying Defendants' deadline to respond to the FAC until 14 days after the Court's ruling on the Venue Motion brought pursuant to 28 U.S.C. § 1406(a) and/or 28 U.S.C. § 1404(a).

Dated:  March 13, 2026

FAEGRE DRINKER BIDDLE & REATH LLP


By:  */s/ Stephanie Albrecht*
　　Cheryl D. Orr
　　Stephanie Albrecht

Attorneys for Defendants
JUNIPER NETWORKS, INC. and
HEWLETT PACKARD ENTERPRISE
COMPANY

FAEGRE DRINKER
BIDDLE & REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO
LOS ANGELES