UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | 2:26-cv-12101-AB-SSCx | Date: | March 26, 2026 |
|---|---|---|---|

Title: *J. Smith Corporation et al v. SAI Business Solutions, LLC, et al.*

Present: The Honorable    **ANDRÉ BIROTTE JR., United States District Judge**

| Evelyn Chun | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:** **[In Chambers] ORDER <u>DENYING</u> PLAINTIFFS' *EX PARTE* APPLICATION FOR STAY OF MOTION TO CHANGE VENUE AND TO VACATE HEARING [DKT. NO. 23] AND <u>DENYING</u> DEFENDANTS' *EX PARTE* APPLICATION TO STAY DEADLINE TO RESPOND TO FIRST AMENDED COMPLAINT PENDING RESOLUTION OF MOTION FOR CHANGE OF VENUE [DKT. NO. 25]**

Pending before the Court are two matters: Plaintiffs J. Smith Corporation and Jonathan Kavian's (collectively, "Plaintiffs") Ex Parte Application for Stay of Motion to Change Venue and to Vacate Hearing ("App. to Stay Motion," Dkt. No. 23), and Defendants Juniper Networks, Inc. and Hewlett Packard Enterprise Company's (collectively, "Defendants") *Ex Parte* Application to Stay Deadline to Respond to First Amended Complaint Pending Resolution of Motion for Change of Venue ("App. to Stay Deadline," Dkt. No. 25). For the following reasons, both Plaintiffs' and Defendants' Applications are **DENIED.**

## I.    LEGAL STANDARD

*Ex parte* applications are solely for extraordinary relief and are rarely granted.  *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 489 (C.D. Cal. 1995).   Such applications are "inherently unfair, and they pose a threat to the administration of justice.   They debilitate the adversary system."  *Id*. at 490.

> *Ex parte* applications throw the system out of whack. They impose an unnecessary administrative burden on the court and an unnecessary adversarial burden on opposing counsel who are required to make a hurried response under pressure, usually for no good reason. They demand priority consideration, where such consideration is seldom deserved. In effect, they put the applicant "ahead of the pack," without cause or justification.  *Ex parte* applications are not intended to save the day for parties who have failed to present requests when they should have and should not be used as a way to "cut in line" ahead of those litigants awaiting determination of their properly noticed and timely filed motions.

*In re Intermagnetics Am., Inc.*, 101 B.R. 191, 193 (C.D. Cal. 1989).   Accordingly, *ex parte* relief is warranted only where the movant shows two things:

> First, the evidence must show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures. Second, it must be established that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect.

*Mission Power Eng'g Co*., 883 F. Supp. at 492.

## II.    DISCUSSION

The Court finds that neither *ex parte* application is appropriate. Plaintiffs' request to stay the briefing and hearing on the venue motion in anticipation of a remand motion is premature. While remand may affect the venue question, the Court expects the parties to manage scheduling disputes among themselves in a professional and efficient manner. Defendants' request to stay the deadline to respond to the First Amended Complaint pending resolution of the venue motion is

similarly routine, but it does not require *ex parte* intervention at this time.

### III.    CONCLUSION

For the foregoing reasons, the Court **<u>DENIES</u>** Plaintiffs' *Ex Parte* Application to Stay Motion and **<u>DENIES</u>** Defendants' *Ex Parte* Application to Stay Deadline.

Accordingly, the Court **<u>ORDERS</u>** the parties to meet and confer in good faith and to file a joint stipulation and proposed order that sets forth a coordinated schedule, including specific filing deadlines and proposed hearing dates, for: (1) Plaintiffs' motion to remand; (2) Defendants' motion to change venue, to be heard after resolution of the remand motion; and (3) Defendants' deadline to respond to the First Amended Complaint.

The Court fully expects counsel to resolve this straightforward scheduling matter in a civil and professional manner, without imposing on the Court's limited resources.

**IT IS SO ORDERED**.