UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | 2:26-cv-02101-AB-SSC | Date: | May 6, 2026 |
|---|---|---|---|

| Title: | *J. Smith Corporation et al v. SAI Business Solutions, LLC et al* |
|---|---|

Present: The Honorable    **ANDRÉ BIROTTE JR., United States District Judge**

| Evelyn Chun | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:**    **[In Chambers] ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [Dkt. No. 32] AND DENYING AS MOOT DEFENDANT'S MOTION TO CHANGE VENUE [Dkt. No. 21]**

Pending before the Court is Plaintiff J Smith Corporation ("J Smith") and Jonathan Kavian's ("Kavian") (collectively, "Plaintiffs") Motion to Remand and for Attorneys' Fees ("Motion," Dkt. No. 32). Defendants Juniper Networks, Inc. ("Juniper") and Hewlett Packard Enterprise Company ("Hewlett") (collectively, "Juniper Defendants") filed an Opposition ("Juniper Opp'n," Dkt. No. 42), and Defendant SAI Business Solutions, LLC ("SAI") also filed an Opposition ("SAI Opp'n," Dkt. N. 43). Plaintiffs filed a Reply ("Reply," Dkt. No. 44). Finding the matter suitable for decision without oral argument, the Court took the Motion under submission. *See* Fed. R. Civ. P. 78; Local Rule 7-15. For the following reasons, the Plaintiffs' Motion to Remand is **GRANTED** and Defendant SAI's Motion for Change of Venue (Dkt. No. 21) is **DENIED** as **MOOT.**

## I.    BACKGROUND

This action involves a complex business and employment dispute and

CV-90 (12/02)                    **CIVIL MINUTES – GENERAL**                    Initials of Deputy Clerk <u>EVC</u>

1

alleged RICO violations. *See generally* First Amended Complaint ("FAC"), Dkt. No. 1-2. On January 26, 2026, Plaintiffs filed Complaint in in the California Superior Court for the County of Los Angeles. *See* Complaint, Dkt. No. 1-1. Defendants Hewlett Packard Enterprise Company, Juniper Networks, Inc., and SAI Business Solutions, LLC were served a copy of the Summons and Complaint the following day, on January 27, 2026. *See* Dkt. No. 1-3 at 2–3, 6–7.

On January 29, 2026, Plaintiffs filed the operative FAC. *See* FAC. Thereafter, on February 3, 2026, Plaintiffs served a copy of the FAC on Defendants Hewlett and Juniper, by personal service to their California registered agent. *See* Dkt. No. 1-3 at 4–5, 8–9. Plaintiffs filed a Proof of Personal Service stating they served a copy of the FAC on SAI on February 6, 2026, via its Texas registered agent. *See id* at 10–12. On February 23, 2026, however, Plaintiffs filed a Declaration of Non Service as to Defendant SAI Business Solutions, LLC. *See* Dkt. No. 1-4.

On February 26, 2026, the Juniper Defendants filed a Notice of Removal based on federal question jurisdiction pursuant to 18 U.S.C. § 1962. *See* Notice of Removal, Dkt. No. 1. The Notice of Removal contained a declaration from Stephanie Albrecht, counsel for the Juniper Defendants, stating that on February 25, 2026, she spoke with Venkat Kaylan Chivukula ("Chivukula"), the CEO of Defendant SAI, telephonically. *See* Declaration of Stephanie Albrecht ("Albrecht Decl."), Dkt. No. 1-6 ¶ 4. Albrecht states that Chivukula represented that Defendant SAI was "unrepresented" and consented to removal. *See id*. Albrecht further states that Chivukula indicated he was unrepresented in his individual capacity, was "unsure whether he [had] been served as an individual defendant," but nevertheless "consent[ed] to removal" in that capacity as well. *Id.*

On March 5, 2026, Defendant SAI specially appeared moved to transfer venue to the Southern District of Texas. Dkt. No. 21-1 1, 6–8. On March 12, 2026, Plaintiffs filed an *ex parte* application to stay proceedings pending resolution of that motion. Dkt. No. 23. The following day, the Juniper Defendants filed an *ex parte* application to stay their deadline to respond to the First Amended Complaint pending resolution of the venue motion. Dkt. No. 25.

Notably, Elizabeth Ernster, counsel for Defendant SAI, initially stated: "my clients did not remove the case to federal court. That was counsel for Hewlett Packard and Juniper. We were not consulted on the removal, either. If you choose to seek sanctions relevant to the removal, please direct them to the Hewlett Packard and Juniper defendants." Dkt. No. 29, Ex. C at 16. She further stated that

SAI "did not remove the matter and was not yet represented." Dkt. No. 29 at 3. On March 18, 2026, however, counsel revised that position, stating: "I confirmed that my client was unrepresented at the time that the removal was filed by co-Defendants; however, they contacted my client by telephone and it consented at that time to the removal." Dkt. No. 32-2 at 5; Ex. C at 20.

On April 10, 2026, SAI filed its Notice of Consent to Removal stating that it had "not yet appeared in the action." Dkt. No. 41. On March 20, 2026, Plaintiffs filed the present Motion to Remand and for Attorneys' Fees. *See generally* Mot.

## II. LEGAL STANDARD

### A. Removal

Under 28 U.S.C. § 1441(a), a civil action may be removed to the district court where the action is pending if the district court has original jurisdiction over the action. Under 28 U.S.C. § 1332, a district court has original jurisdiction of a civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and the dispute is between "citizens of different states." Section 1332 requires complete diversity, *i.e.*, that "the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 67–68 (1996). Section 1441 limits removal to cases where no defendant "properly joined and served . . . is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(a)(b)(2). Removal statutes are "strictly construe[d] against removal." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance. *Id*. Accordingly, the removing party bears a heavy burden of establishing original jurisdiction in the district court. *Id*.

### B. Timeliness of Removal

"[S]ection 1446(b) [of Title 28 of the U.S. Code] identifies two [30]-day periods for removing a case." *Carvalho v. Equifax Info. Servs.*, LLC, 629 F.3d 876, 885 (9th Cir. 2010). Where the complaint's removability is clear from the face of the "initial pleading," the first 30-day removal period is triggered. *Id.*; *see also Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1139 (9th Cir. 2013) ("To avoid saddling defendants with the burden of investigating jurisdictional facts, we have held that 'the ground for removal must be revealed affirmatively in the initial pleading in order for the first [30]-day clock under § 1446(b) to begin." (quoting *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 695

(9th Cir. 2005))). Where the initial pleading does not reveal a basis for removal, a defendant has 30 days from the date it receives " 'an amended pleading, motion, order or other paper' from which it can be ascertained from the face of the document that removal is proper." *Harris*, 425 F.3d at 693 (quoting 28 U.S.C. § 1446(b)).

## III.   DISCUSSION

### A. Rule of Unanimity

When a civil action is removed under § 1441(a), under 28 U.S.C. § 1446(b)(2)(A), where there is more than one defendant in the action, "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C.A. § 1446(b)(2)(A). This is commonly referred to as the unanimity requirement. *Lewis v. City of Fresno*, 627 F. Supp. 2d 1179, 1182 (E.D. Cal. 2008). The unanimity requirement is strictly enforced in the Ninth Circuit, and failure to comply with it "renders removal procedurally defective." *See Ford v. New United Motors Mfg., Inc.*, 857 F. Supp. 707, 708 (N.D. Cal. 1994); *see also Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1192 n. 1 (9th Cir.1988); *Hewitt v. City of Stanton*, 798 F.2d 1230, 1232 (9th Cir.1986). "[T]he removing party has the burden under section 1446(a) to explain affirmatively the absence of any co-defendants in the notice of removal." *Prize Frize, Inc. v. Matrix (U.S.) Inc.*, 167 F.3d 1261 (9th Cir. 1999)

A defendant may join in or consent to the removal within the notice of removal or in a separate document reflecting joinder or consent. *See Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1225 (9th Cir. 2009). Alternatively, under 28 U.S.C. § 1446(b)(2)(A), the unanimity rule does not require individual consent documents from each defendant, as "one defendant's timely removal notice containing an averment of the other defendants' consent and signed by an attorney of record is sufficient." *Shah v. Aerotek, Inc.*, No. 3:21-CV-422-SI, 2021 WL 3373789, at *3 (D. Or. Aug. 3, 2021) (quoting *Proctor v. Vishay Intertechnology, Inc.*, 584 F.3d 1208, 1225 (9th Cir. 2009).

While courts disagree as to what constitutes sufficient evidence of consent, "all courts require, at a minimum, that consent to removal be expressed directly to the court by the parties themselves." *Dubon v. HBSC Bank Nevada*, N.A., No. 05-2799 SC, 2005 WL 2249902, at *3 (N.D. Cal. Sept. 15, 2005). Accordingly, any discussion between co-defendants prior to removal, "without more, is insufficient to satisfy the unanimity rule." *Loewen v. McDonnell*, No. 19-cv-00467-YGR, 201

WL 2364413 (N.D. Cal. June 5, 2019).

Here, removal is procedurally defective because Defendant SAI did not timely and properly consent within the statutory removal period. The Notice of Removal relies solely on a declaration that SAI's CEO provided telephonic consent to removing counsel. *See* Albrecht Decl. ¶ 4. However, such informal, out-of-court communication is not itself a filing with the Court and does not constitute an unequivocal, timely manifestation of consent attributable to the defendant on the record at the time of removal. *See Dubon*, 2005 WL 2249902, at *3; *Fellhauer v. City of Geneva*, 673 F. Supp. 1445, 1448 (N.D. Ill. 1987)) ("The removal statutes require that all defendants communicate their consent to the court - not to one another.").

Even assuming informal communications may, in some circumstances, evidence consent, the unanimity rule requires that consent be clearly established within the removal record during the statutory period. *See Prize Frize*, 167 F.3d at 1266. That requirement is not satisfied where, as here, the only timely indication of consent at the time of removal is an attorney's hearsay characterization of a prior telephone conversation. Accordingly, the removal record does not demonstrate compliance with § 1446(b)(2)(A) at the time of removal.

## B. Consent Requirement

The defect is compounded by the fact that Defendant SAI was an artificial entity that, at the time of removal, had not appeared through counsel. "It is well established that corporations may appear in federal court only through licensed counsel." *Foley v. Allied Interstate, Inc.*, 312 F. Supp. 2d 1279, 1283 (C.D. Cal. 2004). Corporations lack the legal capacity to appear before federal courts without representation because they are artificial entities that can act only through agents. *See Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–02 (1993). The Ninth Circuit has consistently affirmed that artificial entities, including LLCs and partnerships, cannot proceed pro se. *See, e.g., In re Highley*, 459 F.2d 554, 555 (9th Cir.1972) ("A corporation can appear in a court proceeding only through an attorney at law."); *Codapro Corp. v. Wilson*, 997 F.Supp. 322, 327 (E.D.N.Y.1998) ("A corporation, which is an artificial entity that can act only through agents, cannot proceed pro se.").

Defendants' attempt to distinguish *Rowland*, misconstrues both the scope of the unanimity rule and the nature of consent under 28 U.S.C. § 1446. First, the issue is not whether an LLC's representative may perform some "pre-litigation" act

outside of court. The question is whether a defendant has validly joined in or consented to removal in a manner that is cognizable under § 1446(b)(2)(A). Consent to removal is not an informal business authorization; it is a procedural act that must be established on the federal record as part of invoking federal jurisdiction. *See Prize Frize, Inc.*, 167 F.3d at 1266.

Second, Defendants' attempt to divorce "consent to removal" from federal court procedure is inconsistent with how the statute operates. Removal is not complete upon a private agreement among defendants; it is effective only when properly invoked in federal court through a notice of removal demonstrating unanimous consent. *See Dubon*, 2005 WL 2249902, at *3. Accordingly, courts evaluate whether consent was properly and timely manifested in the removal record—not whether internal authorization occurred between co-defendants. *See Getty Oil Corp. v. Insurance Co. of North America*, 841 F.2d 1254, 1262 n.11 (5th Cir. 1988) (concluding there must be consent from someone who has "the authority to do so").

Third, even if an LLC officer could internally authorize litigation decisions, that does not resolve the defect here. The unanimity rule requires timely, affirmative joinder or consent attributable to the defendant within the statutory period, not a post hoc reconstruction of authorization. Here, the only contemporaneous record at the time of removal is an attorney declaration describing an alleged telephone conversation, not a filing by Defendant SAI or its counsel.

While Defendants argue that corporate officers may authorize litigation decisions internally, the unanimity requirement is a procedural rule directed to the federal court, not merely an internal agency question. Consent to removal must be attributable to the defendant in a legally cognizable form on the court record. *See In re Highley*, 459 F.2d at 555 ("A corporation can appear in a court proceeding only through an attorney at law."). Where the entity has not appeared through counsel, and no written consent is filed, the Court is left only with an unsworn, third-party account of alleged authorization.

### C. 30-Day Removal

If the unanimity requirement is not met when the notice of removal is filed, the district court may allow the removing defendants to cure the defect by obtaining joinder of all defendants prior to the entry of judgment. *Destfino v. Reiswig*, 630 F.3d 952, 956-57 (9th Cir. 2011). However, defects in removal

notices must be cured within the thirty-day period for removal. *See Prize Frize, Inc.*, 167 F.3d at 1266. Indeed, Ninth Circuit precedent establishes that the time limits in Section 1446(b) are mandatory. *Palmeira v. CIT Bank*, N.A., No. CV 17-00275 ACK-RLP, 2017 WL 4797515, at *3 (D. Haw. Oct. 24, 2017) (citing *Smith v. Mylan Inc.*, 761 F.3d 1042, 1045 (9th Cir. 2014)). Thus, " 'a timely objection to a late petition will defeat removal' " and the case will be subject to remand. *Smith v. Mylan Inc.*, 761 F.3d 1042, 1045 (9th Cir. 2014) (quoting *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1212 (9th Cir. 1980)); *see also Boyett Constr., Inc. v. Allianz Glob. Risks U.S. Ins. Co.*, No. 2:14-CV-00607-GEB-AC, 2014 WL 2093569, at *1-2 (E.D. Cal. May 19, 2014).

To the extent that there are conflicting authorities regarding the deadline for consent, "[t]he removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241 (9th Cir. 2009) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)). Accordingly, "strict construction in favor of remand suggests that consent be filed by the earliest date, which is the 30-day period for removal." *Palmeira*, 2017 WL 4797515, at *5.

The dispositive defect here is timing. The record reflects that Defendant SAI was served no later than February 6, 2026. The Notice of Removal was filed on February 26, 2026, thereby triggering the 30-day removal window applicable to all properly joined and served defendants. Accordingly, any valid consent by Defendant SAI was required to be clearly established within that statutory period. Here, however, no written consent by Defendant SAI was filed during the 30-day removal window. The Notice of Removal instead relies on an asserted telephonic communication between Defendant SAI's CEO and counsel for the removing defendants. That informal communication was not filed with the Court and does not constitute a timely, court-recognized manifestation of consent.

Critically, Defendant SAI did not file its Notice of Consent to Removal until April 10, 2026—well after expiration of the statutory removal period. That filing occurred approximately six weeks after the Notice of Removal and more than a month after the 30-day deadline had run. Defendants' assertion of mootness based on SAI's April 10, 2026 Notice of Consent is incorrect. Jurisdictional defects in removal are assessed as of the time of removal, and post-deadline filings cannot retroactively cure a failure to comply with § 1446(b)(2)(A). Accordingly, because unanimous consent was not properly and timely established within the 30-day removal period, removal is procedurally defective and remand is required.

Finally, because remand is warranted on this procedural ground, the Court need not reach whether the action is independently removable under federal question jurisdiction.

### D. Attorneys' Fees

Plaintiffs request the Court exercise its discretion to award attorneys' fees incurred as a result of the removal. Mot. at 21. A court may only order fees and costs when the "removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). While remand is appropriate in this case, Defendants' arguments were not so unreasonable to support an award of attorneys' fees and costs. The Court declines to award attorneys' fees in this matter.

## IV.    CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiffs' Motion to Remand, **DENIES** Plaintiffs' request for attorneys' fees, and **DENIES** as **MOOT** Defendant SAI's Motion for Change of Venue. This case is **REMANDED** to the Superior Court of California, County of Los Angeles. The Clerk of this court is directed to prepare a certified copy of this Order and mail it to the Clerk of the Superior Court of California, County of Los Angeles.

**IT IS SO ORDERED**.